*Realty Corp.* v. *Meredith Restaurant, Inc.,* 256 App. Div. 853; *Schaefer Brewing Co.* v. *Amsterdam Tavern, Inc.,* 171 Misc. 352; Alcoholic Beverage Control Law, § 127.) The order appealed from should be affirmed. Order unanimously affirmed, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Application of HAROLD W. HAUSER, Respondent, for an Order under Article 78 of the Civil Practice Act, against GRACE A. REAVY, President, and Others, as Commissioners, Constituting the State Civil Service Commission of the State of New York, and FRIEDA S. MILLER, Industrial Commissioner of the Department of Labor of the State of New York, Appellants.— Appeal from an order granting an alternative order of mandamus and fixing a date for trial. Order unanimously affirmed, with fifty dollars costs, and it is directed that the trial of the issues be held before a jury at the next Trial Term of the Supreme Court to be held in and for the county of Albany. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

PHILIP A. FISHER and MILDRED N. FISHER, Respondents, v. CLYDE W. HEER, Appellant.— Defendant has appealed from an order of the Albany Special Term of the Supreme Court, denying his motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action and also denying his application to have Elizabeth B. Skillman brought in as a party defendant. The action is to recover damages from defendant on the ground that he induced plaintiffs, through false and fraudulent representations, to execute a contract for the purchase of certain real property owned by the said Skillman. Plaintiffs alleged that Skillman had no right to convey the premises and that as a result of defendant's fraud plaintiffs were damaged to the extent of $200. The motion to dismiss the complaint was properly denied. The complaint states a good cause of action against defendant. Defendant asserts that Skillman is responsible for plaintiffs' damages. In view of that contention she should be brought in as a party defendant. The order appealed from should, therefore, be modified by directing that Elizabeth B. Skillman be brought in as a party defendant and that a supplemental summons and a pleading alleging defendant's claim against her be served upon her and said Elizabeth B. Skillman is directed to plead thereto. Order appealed from modified and, as so modified, affirmed, without costs. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

EMMA B. NEWTON, Appellant, v. Dr. J. LEONARD WEISS and Another, Respondents.— Appeal from an order granted herein at the Special Term of the Supreme Court, Albany county, changing the place of trial of this action from the county of Ulster to the county of New York. The order appealed from should be affirmed. Order affirmed, with costs. Crapser, Bliss and Schenck, JJ., concur; Hill, P. J., and Heffernan, J., dissent. [See *post,* p. 1104.]

HARRY GOLDMAN, Respondent, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Appellant.— Motion for an inspection of the records and books of plaintiff and for an examination before trial. Order reversed on the law and facts, with ten dollars costs, and motion granted, with ten dollars costs. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.

MONCHAS REALTY CORP., Appellant, v. BENGO REALTY & IMPROVEMENT CORP., Respondent.— Appeal from an order dismissing a complaint on the ground that the affirmative defenses are in reality counterclaims. Order reversed, with

ten dollars costs, and motion denied, with ten dollars costs, on the ground that there is no other action pending. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.